**In re Leroy E. GILES, Jr., Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 99–BG–268.**

District of Columbia Court of Appeals.

Submitted Dec. 7, 1999.

Decided Dec. 23, 1999.

Before WAGNER, Chief Judge, FARRELL, Associate Judge, and BELSON, Senior Judge.

PER CURIAM:

The Board on Professional Responsibility recommends that respondent be suspended for thirty days and required to prove fitness as a condition of reinstatement. The recommendation stems from findings by a hearing committee, accepted by the Board, that respondent had violated D.C. Bar R. XI, § 2(b)(3) (failure to comply with an order of the Board) and Rule 8.4(d) of the Rules of Professional Conduct (conduct seriously interfering with the administration of justice). The charges were based upon respondent's persistent failure to cooperate with Bar Counsel in an investigation of respondent's conduct in connection with child support obligations he had incurred by order of the Superior Court of the District of Columbia.[1]

Bar Counsel does not oppose the Board's recommendation, and respondent has filed no opposition to it. *See In re Goldsborough,* 654 A.2d 1285, 1288 (D.C. 1995). The record before us fully supports the Board's recommendation. Respondent repeatedly and deliberately failed to respond to written inquires by Bar Counsel seeking his cooperation in the investigation, and ignored an order of the Board compelling him to respond to Bar Counsel's inquiries. The result, as the Board concluded, was that he impeded the investigation and thus seriously interfered with the administration of justice. *See, e.g., In re Lilly,* 699 A.2d 1135 (D.C.1997); *In re Lockie,* 649 A.2d 546 (D.C.1994). The Board's recommended sanction is in keeping with these decisions.

Accordingly, Leroy E. Giles, Jr., is hereby suspended from the practice of the law in the District of Columbia for thirty days and shall be required to prove fitness to practice as a condition of reinstatement.

*So ordered.*

---

1. The disciplinary charges did not pertain to the underlying allegations of the complaint concerning delinquent support payments by respondent.