**In re Michael V. KUHN, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 99–BG–769.**

District of Columbia Court of Appeals.

Submitted Dec. 7, 2000.

Decided Dec. 28, 2000.

Before STEADMAN, Associate Judge, and PRYOR and NEBEKER, Senior Judges.

PER CURIAM:

In this reciprocal discipline case from Maryland, the Board on Professional Responsibility ("Board") recommends that respondent Michael V. Kuhn be suspended for thirty days from the practice of law in the District of Columbia and that, prior to reinstatement, be required to establish fitness pursuant to D.C. Bar R. XI, § 16(d).[1] On April 5, 1999, the Court of Appeals of Maryland entered an order indefinitely suspending respondent for several instances of misconduct, including failure to provide competent representation, failure to pursue client objectives, failure to act with reasonable diligence, failure to communicate with clients, failure to cooperate with a disciplinary proceeding, and exhibiting conduct prejudicial to the administration of justice. Respondent consented to the indefinite suspension, the termination of which is subject to having a monitor oversee his practice for two years and paying the complainant a sum of money. We entered an order on June 29, 1999, suspending respondent from the practice of law in the District of Columbia, pursuant to D.C.Bar. R. XI, § 11(d), and directing the Board to determine whether reciprocal discipline should be imposed.

■ ■ In reciprocal discipline cases, there is a presumption in favor of imposing the same discipline in this jurisdiction as that of the original disciplining jurisdiction. *See In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992). Our disciplinary rules, however, do not provide for indefinite suspension as a possible sanction. Therefore, in keeping with prior practice involving Maryland reciprocal cases, the Board recommended thirty days as the appropriate period of suspension, a sanction consistent with that of a disciplinary action originating in the District of Columbia with a similar factual predicate. *See In re Bernstein,* 707 A.2d 371, 377 (D.C.1998); *In re Dietz,* 633 A.2d 850 (D.C.1993) (per curiam); *In re Ontell,* 593 A.2d 1038, 1043 (D.C.1991); *In re Foster,* 581 A.2d 389 (D.C.1990) (per curiam); *In re Banks,* 577 A.2d 316, 319 (D.C.1990) (per curiam); *In re Dory,* 528 A.2d 1247, 1248 (D.C.1987) (per curiam). Neither respondent nor Bar Counsel has filed any exception to the Board's recommendation. Given our limited scope of review, *see* D.C. Bar R. XI, § 11(f)(1); *In re Goldsborough,* 654 A.2d 1285, 1288 (D.C.1995), we accept the recommendation of the Board. It is therefore

ORDERED that respondent be, and hereby is, suspended for thirty days from the practice of law in the District of Columbia, with a requirement of proof of fitness for reinstatement pursuant to D.C. Bar R. XI, § 16d. For the purpose of seeking reinstatement, however, respondent's suspension shall not begin until he satisfies the requirements of D.C. Bar R. XI, §§ 14 and 16c.

*So ordered.*

---

1. The Board also provisionally recommends that reinstatement here be conditioned on a probation period with a practice monitor, recognizing also the possibility that the fitness requirement may be vacated if respondent is reinstated in Maryland. *See In re Berger,* 737 A.2d 1033, 1045–46 (D.C.1999). Such determinations and any modifications thereto may await the time of actual reinstatement proceedings.