795 A.2d 706

ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

Jerry Sam DUNIETZ.

No. 12, Sept. Term, 2001.

Court of Appeals of Maryland.

April 8, 2002.

Melvin Hirshman, Bar Counsel and Gail D. Kessler, Asst. Bar Counsel for Atty. Grievance Com'n of Maryland, for petitioner.

No argument on behalf of Respondent.

Argued Before BELL, C.J., ELDRIDGE, RAKER, WILNER, CATHELL, HARRELL and BATTAGLIA, JJ.

HARRELL, Judge.

Pursuant to Maryland Rule 16–709(a),[1] Bar Counsel, on behalf of the Attorney Grievance Commission ("Petitioner"), and at the direction of the Review Board, filed a petition with this Court initiating disciplinary proceedings against Jerry Sam Dunietz, Esquire ("Respondent"), a member of the Mary-

---

1. Rule 16–709(a) states that "[c]harges against an attorney shall be filed by the Bar Counsel acting at the direction of the Review Board." This case arose and was processed under the attorney grievance rules in effect prior to 1 July 2001. Thus, we refer to those relevant rules as they existed prior to that date.

land Bar since December 1981. In this petition, Bar Counsel asserted one complaint in connection with Respondent's representation of Jimmy Park in two separate, but related, legal matters, alleging violations of the Maryland Rules of Professional Conduct (MRPC) 1.1 (competence); 1.3 (diligence in representation); 1.4(a) and (b) (communication with clients); 1.16(a)(2) and (d) (declining or terminating representation); 8.1(b) (disciplinary matters); and 8.4(c) and (d) (misconduct). This Court referred the matter to Judge Michael D. Mason of the Circuit Court for Montgomery County to conduct an evidentiary hearing and make findings of fact and conclusions of law in accordance with Md. Rules 16–709(b)[2] and 16–711(a).[3] On 25 June 2001, Respondent was served with the Petition for Disciplinary Action, Order and Writ of Summons consistent with Md. Rule 16–709(d).[4] Respondent, however, failed to file a timely answer to the petition as required by Md. Rule 16–709(e)(2).[5] Further, the Respondent did not respond to Petitioner's interrogatories, request for production of documents, and request for admission of facts and genuineness of documents. An Order of Default was entered on 27 July 2001, and an evidentiary hearing was scheduled for 6 September 2001. Respondent did not move to vacate the Order of Default.

---

**2.** Rule 16–709(b) states that the "Court of Appeals by order may direct that the charges be transmitted to and heard in any court and shall designate the judge or judges to hear the charges and the clerk responsible for maintaining the record in the proceeding."

**3.** Rule 16–711(a) states that "[a] written statement of the findings of facts and conclusions of law shall be filed in the record of the proceedings and copies sent to all parties."

**4.** Rule 16–709(d) states that "[t]he Court of Appeals shall direct in each case the manner of service of a copy of the charges which shall be served together with the order of the Court of Appeals designating the court and judge or judges to hear the charges."

**5.** Rule 16–709(e)(2) provides that "[t]he attorney responding to the charges shall file his initial pleading in the court designated to hear the charges within fifteen days after the date of service of the charges upon him...."

At the evidentiary hearing, at which Respondent was not present, Petitioner presented evidence [6] in support of the charges. In addition, Petitioner submitted proposed findings of fact and conclusions of law to the hearing judge. Judge Mason reviewed and adopted Petitioner's submission, concluding, by clear and convincing evidence, that Respondent violated MRPC 1.1, 1.3, 1.4(a) and (b), 1.16(a)(2) and (d), 8.1(b), 8.4(c) and (d), relating to his representation of Mr. Park. Respondent has not filed with this Court any exceptions to the hearing judge's findings of fact or conclusions of law. Petitioner filed with this Court a recommendation for sanction, urging Respondent's disbarment. Respondent did not appear at oral argument before the Court.

## I.

From the evidentiary record, Judge Mason made the following findings of facts pertaining to Respondent's conduct regarding his representation of Mr. Park.

In September 1998, Jimmy Park obtained a judgment against Rising Star, Inc., Hae Y. Chi and Don S. Chi in the amount of $105,000 in compensatory damages, $7,962.50 in prejudgment interest and $75,000 in punitive damages. After the judgment was entered, the Chis filed a voluntary petition for bankruptcy in October 1998. Mr. Park retained Respondent on November 27, 1998 to pursue the collection of his judgment through the Chis' bankruptcy and paid Respondent a $1,500 retainer. Respondent undertook to represent Mr. Park as a creditor in the Chis' bankruptcy proceeding. The Chis's Chapter 13 bankruptcy was converted to a Chapter 7 proceeding on or about February 10, 1999. Thereafter on February 16, 1999 a notice was sent to

---

6. At the evidentiary hearing, Petitioner presented evidence in the form of Request for Admission of Facts and Genuineness of Documents, and the transcript from the Inquiry Panel hearing. The Inquiry Panel hearing was held on 8 November 2000 in accordance with Rules 16–706(c) (concerning Inquiry Panel selection) and 16–706(d) (concerning Inquiry Panel proceedings). Respondent was present and represented at the Inquiry Panel proceeding.

the creditors advising that the deadline to file a complaint to determine dischargeability of certain debts was May 9, 1999. Although Respondent received the February 16, 1999 notice and advised Mr. Park that he would file a complaint to determine the non-dischargeability of his debt, he failed to do so by the deadline of May 9, 1999. Even though the Chis' counsel had indicated to Respondent that she would consent to the relief requested, Respondent did not file a complaint on behalf of Mr. Park. Respondent failed to advise Mr. Park that he had not timely filed the complaint. Furthermore, when Mr. Park requested status of the matter, Respondent advised him not to worry and that he would take care of it. Respondent never sought to re-open the matter. Moreover Respondent never advised Joseph F. Cunningham, Esquire, [an] attorney who continued to represent Mr. Park regarding the non-bankruptcy aspects of his claim against the Chis, that such action might be possible.

Mr. Park, through Mr. Cunningham, filed a malpractice action against the attorney, Intak Lee, who had represented Mr. Park in the underlying transaction with the Chis. Mr. Lee filed for bankruptcy in January 1999. Mr. Park retained Respondent to move the bankruptcy court to lift the automatic stay in order to pursue recovery through the malpractice action from Mr. Lee's malpractice insurance carrier. Mr. Park paid Respondent a retainer of $500 to handle the matter. Respondent failed to file a motion even though Mr. Lee's counsel had indicated to Respondent that he would consent to re-opening the bankruptcy and lifting the automatic stay. Respondent failed to respond to requests for status from Mr. Cunningham and another bankruptcy attorney consulted by Mr. Park. Thereafter, on October 18, 1999, Mr. Park made a complaint to the Attorney Grievance Commission concerning Respondent's inactions in handling the two bankruptcy matters.

The Attorney Grievance Commission[,] seeking an explanation from Respondent concerning Mr. Park's complaint, wrote to him on October 18, 1999, November 12, 1999,

December 30, 1999 and January 19, 2000. Respondent failed to respond to those letters. On February 8, 2000, Michael H. Peregoy an Investigator for the Attorney Grievance Commission, contacted Respondent who acknowledged receipt of those letters. Respondent promised that he would submit a response to the Attorney Grievance Commission by February 11, 2000. Respondent failed to provide a response. Thereafter Mr. Peregoy made another visit Respondent's office on April 7, 2000 to obtain Respondent's response and a copy of his file.

## II.

Based upon these findings of fact, the hearing judge concluded, by clear and convincing evidence, that Respondent had violated the MRPC through his following actions:

### A. *Violation of MRPC 1.1*

**Rule 1.1. Competence.**

A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

Judge Mason concluded that Respondent incompetently represented Mr. Park in both the Chi and Lee bankruptcy matters in violation of Rule 1.1 "by not exhibiting the thoroughness and preparation reasonably necessary for the representation by his failure to prepare and file the complaint in the Chis' matter by May 9, 1999 and by his failure to move to have the automatic stay lifted in the Lee matter even though opposing counsels in those two matters were not opposed to the relief sought." The hearing judge concluded that Respondent further violated MRPC 1.1 by failing to cooperate and assist Mr. Cunningham, Mr. Park's attorney who continued to represent Mr. Park in the non-bankruptcy aspect of his claims against the Chis.

### B.   *Violation of MRPC 1.3*

**Rule 1.3.   Diligence.**

A lawyer shall act with reasonable diligence and promptness in representing a client.

Finding that "Respondent's failure to file the appropriate documents in the Chi and Lee bankruptcy matters demonstrat[ed] a lack of diligence," the hearing judge concluded that Respondent was in violation of Rule 1.3.

### C.   *Violation of MRPC 1.4(a) and (b)*

**Rule 1.4.   Communication.**

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

The hearing judge concluded that Respondent violated Rule 1.4(a) and (b) by "failing to communicate with Mr. Park and keep him informed of the status of the two matters despite Mr. Park's requests for status," and by his failure to "communicate with Mr. Park's attorney, Mr. Cunningham, in the Lee matter."   Moreover, the hearing judge concluded that Respondent further violated Rule 1.4 by "fail[ing] to respond to requests for status updates from Mr. Cunningham and from another bankruptcy attorney consulted by Mr. Park."

### D.   *Violation of MRPC 1.16(a)(2) and (d)*

**Rule 1.16.   Declining or terminating representation.**

(a) [A] lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:  . . .

(2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; . . . .

. . .

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

Observing that "[a]t no time during the representation did Respondent advise Mr. Park that he could not handle the representation or was not going to follow through with the representation," Judge Mason concluded that Respondent was in violation of Rule 1.16(a)(2). Moreover, with regard to Respondent's representation of Mr. Park in the Chi bankruptcy, he found that after Respondent missed the deadline to file a complaint to determine the dischargeability of the Chis' debt to Mr. Park, he never sought to re-open the matter, nor did he advise Mr. Cunningham that such action might be possible. Similarly, the chancellor found that Respondent failed to file a motion to lift the automatic stay so that Mr. Park could pursue recovery in a malpractice action from Mr. Lee's malpractice insurance carrier, and then failed to respond to requests from Mr. Cunningham, and another bankruptcy attorney consulted by Mr. Park, for status updates. Judge Mason concluded that "Respondent's abandonment of Mr. Park in the two matters" was a violation of Rule 1.16(d).

### E. *Violation of MRPC 8.1(b)*

**Rule 8.1. Bar admission and disciplinary matters.**

An applicant for admission or reinstatement to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:

. . .

(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except

that this Rule does not require disclosure of information otherwise protected by Rule 1.6.

Finding that Respondent knowingly failed to respond to Petitioner's repeated attempts to ascertain from Respondent what explanation he had concerning Mr. Park's complaint, including four separate occasions of mailed correspondence as well as a personal visit from Petitioner's investigator, the hearing judge concluded that Respondent violated Rule 8.1 by "his wilful failure to respond to Petitioner's letters."

### F. *Violation of MRPC 8.4(c) and (d)*

**Rule 8.4. Misconduct**

It is professional misconduct for a lawyer to:

. . .

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

(d) engage in conduct that is prejudicial to the administration of justice;

. . . .

Judge Mason concluded that Respondent violated Rule 8.4(c) by "misrepresenting to Mr. Park the status of the Chi matter," when Respondent advised Mr. Park not to worry, that he would take care of it, when in fact, "he had not timely filed the complaint." Moreover, the hearing judge concluded that Respondent's "utter lack of action in completing the two matters on behalf of Mr. Park was prejudicial to the administration of justice in violation of Rule 8.4(d)."

### III.

This Court has original jurisdiction over all attorney disciplinary proceedings. *See Attorney Grievance Comm'n v. Snyder,* 368 Md. 242, 253, 793 A.2d 515, 521 (2002); *Attorney Grievance Comm'n v. Harris,* 366 Md. 376, 388, 784 A.2d 516, 523 (2001); *see also* Md. Rule 16–709(b) (stating "[c]harges against an attorney shall be filed on behalf of the [Attorney Grievance] Commission in the Court of Appeals."). The hear-

ing judge's findings of fact "are *prima facia* [sic] correct and will not be disturbed unless clearly erroneous." *Attorney Grievance Comm'n v. Zdravkovich,* 362 Md. 1, 21, 762 A.2d 950, 960–61 (2000). *See Attorney Grievance Comm'n v. Garland,* 345 Md. 383, 392, 692 A.2d 465, 469 (1997); *Attorney Grievance Comm'n v. Goldsborough,* 330 Md. 342, 347, 624 A.2d 503, 505 (1993). As to the hearing judge's conclusions of law, "our consideration is essentially *de novo.*" *Attorney Grievance Comm'n v. Thompson,* 367 Md. 315, 322, 786 A.2d 763, 768 (2001) (quoting *Attorney Grievance Comm'n v. Briscoe,* 357 Md. 554, 562, 745 A.2d 1037, 1041 (2000)). After a review of the record, we hold that the findings of fact of Judge Mason are not clearly erroneous, and the conclusions of law are supported by clear and convincing evidence. As noted earlier, Respondent did not file any exceptions to the hearing judge's findings of fact or conclusions of law. We turn now to the appropriate sanction for Respondent's violations of the MRPC.

## IV.

We most recently considered the purpose behind the attorney grievance process and the role and appropriateness of sanctions to be imposed in that process in *Attorney Grievance Comm'n v. Wallace,* 368 Md. 277, 289, 793 A.2d 535, 543 (2002), when we stated:

'It is well-settled that the purpose of disciplinary proceedings is to protect the public rather than to punish the erring attorney.' 'The public interest is served when this Court imposes a sanction which demonstrates to members of this legal profession the type of conduct that will not be tolerated.' 'By imposing such a sanction, this Court fulfills its responsibility to insist upon the maintenance of the integrity of the Bar and to prevent the transgression of an individual lawyer from bringing its image into disrepute.' 'Therefore, the public interest is served when sanctions designed to effect general and specific deterrence are imposed on an attorney who violates the disciplinary rules.' 'Of course, what the appropriate sanction for the particular misconduct

is, in the public interest, generally depends upon the facts and circumstances of the case.'

*Wallace,* 368 Md. at 289, 793 A.2d at 542–43 (internal quotations omitted) (citations omitted). *See also Harris,* 366 Md. at 405, 784 A.2d at 532–22; *Zdravkovich,* 362 Md. at 31–32, 762 A.2d at 966 (quoting *Attorney Grievance Comm'n v. Mooney,* 359 Md. 56, 96, 753 A.2d 17, 38 (2000) (citations omitted)).

Citing the American Bar Association Standards for Imposing Lawyer Sanctions (ABA Standards) § 4.41(b) (1986 and 1992 Amendments), Bar Counsel contends here that "[d]isbarment is generally appropriate when ... (b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; . . . ." Petitioner argues that Respondent's actions in the instant case warrant disbarment in light of his "abandonment of Mr. Park's two legal matters and his misrepresentation to Mr. Park concerning the status of the Chi matter." Petitioner notes that this matter is further aggravated by Respondent's failure to respond to the Attorney Grievance Commission in the course of its investigation.

Petitioner also reminds us that Respondent has been disciplined on two prior occasions. In the first case, on 29 March 1996, Respondent received a private reprimand for his violation of MRPC 1.3, 1.4, 1.15, and 8.1, relating to his lack of diligence; his failure to communicate with his client; his failure to account for his client's funds when the representation of this client was terminated; and his failure to respond to requests of Bar Counsel in a matter. Less than two years latter, on 25 February 1998, Respondent received a sixty day suspension (by consent) with regard to two unrelated complaints. In the first complaint, which related to the March 1996 complaint for which Respondent received a private reprimand, Respondent was found to have "failed to promptly remit funds which he had collected [for] the client" in violation of MRPC 1.3 and 1.15(a),[7] as well as failing to "respond to

---

7. **Rule 1.15. Safekeeping property.**

requests for information by Bar Counsel" in violation of MRPC 8.1. The second complaint was a reciprocal discipline case from the District of Columbia,[8] in which Respondent was determined to be in violation of MRPC 1.3, 1.4(a) and (b), and 8.4(a) and (d) for "fail[ing] to act with reasonable diligence and fail[ing] to keep his client reasonably informed," and which said conduct resulted in his client being subjected to a "default judgment as well as contempt proceedings." Respondent's sixty day suspension was implemented on the condition that his practice be monitored for a period of two years, and that he continue with psychological counseling for two years. The monitoring of Respondent's practice ended in February 2000.

■ In our consideration of the appropriate sanction in an attorney disciplinary action, this Court may consider, as a non-exclusive list, the following factors:

'[A]bsence of a prior disciplinary record; absence of a dishonest or selfish motive; personal or emotional problems; timely good faith efforts to make restitution or to rectify consequences of misconduct; full and free disclosure to disciplinary board or cooperative attitude toward proceedings; inexperience in the practice of law; character or reputation; physical or mental disability or impairment; delay in disciplinary proceedings; interim rehabilitation; imposition of other penalties or sanctions; remorse; and finally, remoteness of prior offenses.'

*Attorney Grievance Comm'n v. Jaseb,* 364 Md. 464, 481–82, 773 A.2d 516, 526 (2001) (quoting *Attorney Grievance Comm'n v. Glenn,* 341 Md. 448, 488–89, 671 A.2d 463, 483 (1996) (citations omitted)).

---

(a) A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained pursuant to Title 6, Chapter 600 of the Maryland Rules. Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and of other property shall be kept by the lawyer and shall be preserved for a period of five years after termination of the representation.

**8.** *In re Dunietz,* 756 A.2d 437 (D.C.2000).

■ Considering all of the circumstances in this case, we conclude that the appropriate sanction to be imposed in this matter is disbarment. Respondent's immediate violations, coupled with the relative currency of his prior disciplinary record for much the same or similar misconduct, indicate a persistent pattern of behavior. Moreover, Respondent's continuing disregard for the attorney grievance process, his apparent indifference to the tenets of his chosen profession, the dereliction of his duties to his client, and his ostensible lack of remorse for his misconduct, warrant a sanction of this severity. Respondent offers this Court no circumstances to mitigate or extenuate his neglect of Mr. Park's two legal matters. Respondent's misconduct is particularly troublesome in light of his client's limited ability to speak and understand English,[9] necessitating heightened reliance upon Respondent to assist him in navigating an unfamiliar legal system. We recognize by our action here the need to protect the public from further victimization by a recalcitrant attorney and to motivate other attorneys "to adopt appropriate practices in the future," *Attorney Grievance Comm'n v. David,* 331 Md. 317, 323–24, 628 A.2d 178, 181 (1993).

Similar to Respondent's misconduct in the present matter, in *Attorney Grievance Comm'n v. Wallace,* 368 Md. 277, 288, 793 A.2d 535, 542 (2002), an attorney was determined to be in violation of the MRPC 1.1, 1.3, 1.4(a) and (b), 1.5(a),[10] 1.15(a) and (b),[11] 1.16(a)(2) and (d), 3.2,[12] 8.1(b), and 8.4(c) and (d), in connection with six complaints. Even though that attorney did not have a prior disciplinary record, this Court stated nevertheless that his "lack of diligence, his lack of preparation,

---

**9.** Mr. Park is Korean American, and was sufficiently deficient in his command of the English language to require the services of a translator, Mr. Kim, his father-in-law, at the Inquiry Panel proceedings on 8 November 2000.

**10.** MRPC 1.5(a) pertains to the reasonableness of a lawyer's fee.

**11.** MRPC 1.15(a) and (b) pertains to safekeeping property.

**12.** MRPC 3.2 pertains to expediting litigation.

his failure to communicate with his clients, his charging of unreasonable fees, his failure to account for and return monies, his misrepresentations," and his repeated failure to comply with Bar Counsel's requests required "the most severe sanction of disbarment." *Wallace,* 368 Md. at 293, 793 A.2d at 545.

In *Attorney Grievance Comm'n v. Manning,* 318 Md. 697, 569 A.2d 1250 (1990), disbarment was warranted where it was found that the attorney failed to diligently pursue his clients' interests, failed to communicate with his clients, and repeatedly failed to respond to Bar Counsel's requests for information in connection with four complaints. At the time of the hearing, the attorney was serving a suspension in connection with similar misconduct stemming from four complaints in a prior disciplinary action. The charges under review in the second proceeding occurred during the same time period as the previous complaints. In reviewing the appropriate sanction in the second proceeding, we stated:

> In recent years, ... we have noticed too many instances when lawyers have agreed to represent clients and accepted fees, in part or in whole, only to completely neglect these same legal problems, causing the same clients emotional distress, financial loss, or other varying kinds of inconvenience. More often than not, these situations have been exacerbated by the lack of respect and attention extended to the courts as evidenced by the failure to file timely pleadings or to make appearances as scheduled before the court to enable proceedings to be conducted. It seems to us that this kind of persistent conduct is evidence of a lawyer's disregard of his obligation.

*Manning,* 318 Md. at 704–05, 569 A.2d at 1254.

Although we recognized that the prior sanction could not have served as a deterrent for the misconduct charged in the second proceeding, we expressed our concern that the "large number of similar complaints over a more than two-year span" demonstrated a disturbing pattern. *Manning,* 318 Md. at 705, 569 A.2d at 1254. Moreover, we observed that the attorney had shown the "same disregard towards both of [the disciplin-

ary] proceedings as he [had] shown toward his clients," as evidenced by his failure to respond to letters, notices, and Petitions for Disciplinary Action from Bar Counsel and his failure to appear before the Court in the second proceeding, in spite of Bar Counsel's recommendation that he be disbarred. *Id.* Viewing this conduct as evidence of the attorney's "insensitivity to the seriousness of [the] charges," we ordered his disbarment. *Id.*

Respondent violated MRPC 1.1, 1.3, 1.4(a) and (b), 1.16(a)(2) and (d), 8.1(b), and 8.4(c) and (d), had a prior disciplinary record, and displayed a continuing disregard of the attorney grievance process. Consistent with *Wallace* and *Manning*, we find disbarment to be the appropriate penalty.

**IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT; INCLUDING THE COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16–715(c), FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION OF MARYLAND AGAINST JERRY SAM DUNIETZ; RESPONDENT'S DISBARMENT SHALL COMMENCE THIRTY DAYS FROM THE FILING OF THIS OPINION.**