In re Michael J. SMITH, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals.

No. 01–BG–1108.

District of Columbia Court of Appeals.

Dec. 19, 2002.

---

Before STEADMAN and FARRELL, Associate Judges, and BELSON, Senior Judge.

PER CURIAM:

Respondent Michael J. Smith was publicly censured by the Supreme Court of New York, Appellate Division, Second Judicial Department, for failing to cooperate with the New York Grievance Committee. Specifically, he failed to respond to numerous notices and requests for a response regarding his failure to register with the New York Office of Court Administration. Respondent contacted the Grievance Committee only once during the year-long proceedings, but did ultimately pay his registration arrears. Respondent's conduct violated the New York

rules prohibiting conduct that is prejudicial to the administration of justice and conduct that adversely reflects on one's fitness as a lawyer.

Bar Counsel filed with this court a certified copy of the New York disciplinary order. This court referred the matter to the Board on Professional Responsibility ("Board"), which has filed a report recommending that we impose identical reciprocal discipline. Bar Counsel has informed the court that she takes no exception to the Board's report and recommendation.

■ Respondent did not participate in the proceedings before the Board and has not filed any opposition to the Board's report and recommendation. The Board informs us of the possibility that respondent has not had notice of the reciprocal proceeding in this jurisdiction because three of its four mailings to respondent have been returned with indications that respondent is no longer at either of the addresses on file with the D.C. Bar. Because respondent failed to report his public censure to Bar Counsel as required by D.C. Bar R. XI, § 11(b), and failed to update his address with the D.C. Bar as required by D.C. Bar R. II, § 2(1),[1] we treat this reciprocal matter as one in which respondent had notice and did not respond.

■ The face of the record does not reveal any reason why reciprocal discipline should not be imposed.[2] Given our limited scope of review in unopposed reciprocal cases and the presumption in favor of identical reciprocal discipline, we adopt the Board's recommendation. *See In re Goldsborough*, 654 A.2d 1285, 1287–88 (D.C.

---

1. Respondent has also failed to pay his D.C. Bar dues and, as a result, has been suspended pursuant to D.C.Bar. R. II, § 6, since 1997.

2. *Cf. In re Pearson*, 628 A.2d 94 (D.C.1993) (involving similarly questionable notice, but where the record showed an infirmity of proof and lack of due process before the original disciplining court).

1995); *In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992); D.C. Bar R. XI, § 11(f). Accordingly, it is

ORDERED that Michael J. Smith is hereby publicly censured.

*So ordered.*