In re G. Rico McGOWAN, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals.

No. 02–BG–331.

District of Columbia Court of Appeals.

Submitted May 22, 2003.
Decided June 5, 2003.

Before TERRY and GLICKMAN, Associate Judges, and BELSON, Senior Judge.

PER CURIAM:

On March 7, 2002, the Maryland Court of Appeals disbarred respondent, G. Rico McGowan, for misappropriatión and other ethical violations that occurred in his handling of several real estate settlements. Specifically, the Maryland court found that respondent had failed to record deeds of trust, issued title insurance binders without authority to do so, and failed to account for closing costs and fees entrusted to him. *Attorney Grievance Commission v. McGowan,* Misc. No. AG–4 (Md.March7, 2002) (unreported).

Bar Counsel filed with this court a certified copy of the Maryland disbarment order. This court then temporarily suspended respondent, pursuant to D.C. Bar Rule XI, § 11(d),[1] and referred the matter to the Board on Professional Responsibility ("the Board"). The Board has now recommended that respondent be reciprocally disbarred. Bar Counsel has informed the court that she takes no exception to the Board's recommendation. Respondent did not participate in the Maryland proceedings, did not participate in the proceedings before the Board, and has not filed in this court any opposition to the Board's recommendation.[2]

---

1. Respondent was already under suspension for failing to complete the mandatory course for new bar members. *See* D.C. Bar Rule II, § 3.

2. We note that the Board and Bar Counsel had difficulty effecting service on appellant because of his failure to keep his address updated with the Bar, as required by D.C. Bar Rule II, § 2(1). Maryland disciplinary authorities encountered the same difficulty, al-

though respondent acknowledged that he received the complaint and was aware of the proceedings against him in Maryland. Because respondent failed to report his disbarment to Bar Counsel as required by D.C. Bar Rule XI, § 11(b), and failed to update his address with the D.C. Bar, we deem respondent to have had notice and chosen not to respond. *See In re Smith,* 812 A.2d 931, 932 (D.C.2002); *see also In re Peartree,* 672 A.2d 574, 576 (D.C.1996) ("the disciplinary system

Given our limited scope of review and the presumption in favor of identical reciprocal discipline, we adopt the Board's recommendation. *See In re Goldsborough,* 654 A.2d 1285, 1288 (D.C.1995); *In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992); *In re Addams,* 579 A.2d 190, 191 (D.C.1990) (en banc) (disbarment is the only appropriate sanction in "virtually all cases" of intentional or reckless misappropriation); D.C. Bar Rule XI, § 11(f). Accordingly, it is

ORDERED that G. Rico McGowan is disbarred from the practice of law in the District of Columbia, effective immediately. We again direct respondent's attention to the requirements of D.C. Bar Rule XI, § 14(g) and their effect on his eligibility for reinstatement. *See* D.C. Bar Rule XI, § 16(c).

cannot be held hostage by an attorney whose frequent moves, failure to keep the Court apprised of a current address, or other erratic behavior foils reasonable efforts to serve notice of proceedings").