In re Jerry S. **DUNIETZ**, Respondent

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 02–BG–539.**

District of Columbia Court of Appeals.

Submitted Sept. 18, 2003.
Decided Sept. 25, 2003.

Before TERRY, SCHWELB, and GLICKMAN, Associate Judges.

PER CURIAM:

Respondent was administratively suspended from the practice of law in the District of Columbia on December 31, 2001, for non-payment of bar dues. On April 8, 2002, he was disbarred by the Court of Appeals of Maryland. *Attorney Grievance Comm'n v. Dunietz*, 368 Md. 419, 795 A.2d 706 (2002). After learning of that disbarment, Bar Counsel filed a certified copy of the Maryland order with this court. On June 4, 2002, this court suspended respondent from the practice of law in the District of Columbia and referred the matter to the Board of Profes-

sional Responsibility ("the Board") to determine whether reciprocal discipline should be imposed. The Board has now recommended that respondent be disbarred as reciprocal discipline.[1] Bar Counsel has advised us that she takes no exception to the Board's recommendation. Respondent has not filed in this court any opposition to the Board's recommendation, or any other pleading.[2]

■ There is a rebuttable presumption that the sanction imposed by this court in a reciprocal discipline case will be identical to that imposed by the original disciplining court. *See In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992). This presumption can be rebutted only if the respondent demonstrates, or the face of the record reveals, by clear and convincing evidence, the existence of one of the five conditions enumerated in D.C. Bar Rule XI, § 11(c). None of those five conditions is applicable in this case.

■ Respondent's failure in this case to file any exception to the Board's report and recommendation is treated as a concession that reciprocal disbarment is warranted. *E.g., In re Childress*, 811 A.2d 805 (D.C.2002); *In re Goldsborough*, 654 A.2d 1285 (D.C.1995); *see also* D.C. Bar Rule XI, § 11(f). Additionally, the record discloses no reason for us to conclude that the

---

1. The Board also advises us that respondent was disbarred by the United States District Court for the District of Maryland on July 12, 2002, and by the United States District Court for the District of Columbia on August 6, 2002.

2. In the Maryland proceedings, respondent failed to file a timely answer to the petition for disciplinary action, and also failed to respond to interrogatories, a request for admissions, and a request for documents. He did not attend the evidentiary hearing on the charges against him. *See Attorney Grievance Comm'n v. Dunietz*, 368 Md. at 421, 795 A.2d at 707.

Respondent also failed to notify this jurisdiction of his Maryland disbarment, as he was required to do by D.C. Bar Rule XI, § 11(b). The notice sent by Bar Counsel informing him of the reciprocal proceedings was sent to all of his known addresses but was returned as undeliverable. This court has held that an attorney's failure to receive actual notice of such proceedings, when that attorney has not updated his address of record with the District of Columbia Bar, after having received actual notice in the other jurisdiction, does not preclude reciprocal disciplinary action. *See In re Smith*, 812 A.2d 931 (D.C.2002).

imposition of identical discipline would be inappropriate or unwarranted. Most, and probably all, of the disciplinary violations outlined in the Maryland Court of Appeals opinion would also constitute misconduct under the District of Columbia Rules of Professional Conduct.[3] Further, disbarment is within the range of appropriate sanctions in such a case. *See, e.g., In re Foster,* 699 A.2d 1110 (D.C.1997).

It is therefore ORDERED that Jerry S. Dunietz is hereby disbarred from the practice of law in the District of Columbia, effective immediately. *See* D.C. Bar Rule XI, § 14(f). We direct respondent's attention to the requirements of D.C. Bar Rule XI, § 14(g), and their effect on his future eligibility for reinstatement. *See* D.C. Bar Rule XI, § 16(c).

---

**3.** The present reciprocal proceeding is not respondent's first encounter with our disciplinary system. The violations that gave rise to the present case occurred while respondent was on probation in the District of Columbia for a previous disciplinary infraction. *See In re Dunietz,* 687 A.2d 206 (D.C.1996); *see also In re Dunietz,* 756 A.2d 437 (D.C.2000).