**In re Todd A. SHEIN, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 02–BG–1220.**

District of Columbia Court of Appeals.

Submitted April 22, 2004.
Decided May 6, 2004.

Before STEADMAN, SCHWELB and GLICKMAN, Associate Judges.

PER CURIAM:

Respondent Todd A. Shein was admitted to the Bar of the Court of Appeals of Maryland in 1988 and to the Bar of this Court in 1989. Respondent consented to his indefinite suspension from the practice

of law in Maryland in 2002. *Attorney Grievance Comm'n v. Shein*, 369 Md. 657, 802 A.2d 437 (2002). In tendering his consent, respondent resolved four disciplinary matters that were pending against him in Maryland, including one in which he was found, after a hearing in the Circuit Court for Montgomery County, to have violated Rules 1.4(a), 1.15(b), 1.16(d), 8.1(b), and 8.4(d) of the Maryland Rules of Professional Conduct. Respondent formally acknowledged that sufficient evidence could be produced to sustain at least some of the allegations of misconduct against him but did not specify which ones. Thus the factual record developed in Maryland regarding respondent's misconduct is incomplete and lacks detail.

Having inquired into the matter, the Board on Professional Responsibility recommends that identical reciprocal discipline be imposed on respondent in this jurisdiction. *See* D.C. Bar R. XI, § 11(f)(2). Respondent, who has not participated in the proceeding before the Board or in this Court,[1] does not contest the Board's recommendation, nor does Bar Counsel, and no reason appears not to adopt it. *See In re Childress*, 811 A.2d 805, 807 (D.C.2002); D.C. Bar R. XI, § 11(c). As to the form that identical reciprocal discipline should take, in cases comparable to this one, where the factual record is undeveloped and the original disciplining court has imposed indefinite suspension with no minimum period, we typically impose indefinite suspension too, with the right to apply for reinstatement after being reinstated in the original jurisdiction or after five years, whichever comes first. *See In re Zdravkovich*, 831 A.2d 964, 970 (D.C.2003). We shall incorporate the Board's recommendation that respondent be required to demonstrate his fitness to practice law as a condition of reinstatement. *See* D.C. Bar R. XI, § 16(d). If respondent is summarily reinstated in Maryland, he may seek vacatur of the fitness requirement pursuant to BOARD ON PROF'L RESP. R. 8.7, though such relief is not automatic. *See Zdravkovich, supra.*

Accordingly, we ORDER that respondent Todd A. Shein be suspended indefinitely from the practice of law in the District of Columbia, with the right to apply for reinstatement upon a showing of fitness after five years or upon reinstatement in Maryland, whichever occurs earlier. The period of suspension shall be deemed to start running, for purposes of reinstatement, from the date on which the respondent satisfies the requirements of D.C. Bar Rule XI, § 14, with the existing interim order of suspension to remain in effect until then. We direct respondent's attention to the requirements of D.C. Bar Rule XI, §§ 14(g) and (h) and 16 and their effect on his eligibility for reinstatement.

---

1. It appears that respondent received actual notice of the reciprocal discipline proceeding and simply has ignored it; but if respondent did not receive notice, that is only because he failed to report the Maryland order of discipline to Bar Counsel, as required by D.C. Bar R. XI, § 11(b), and failed to update his address with the District of Columbia Bar, as required by D.C. Bar R. II, § 2(1). Under such circumstances respondent is deemed to be on notice. *See In re McGowan*, 827 A.2d 31, 31 n. 2 (D.C.2003); *In re Smith*, 812 A.2d 931, 932 (D.C.2002).