502 P.2d 1100

In the Matter of Robert C. CAMPBELL, aka Harold Robert Campbell, Attorney.

No. 11105.

Supreme Court of Idaho.

Nov. 9, 1972.

Golden R. Bennett, Twin Falls, Edgar R. Frachiseur, Buhl, for petitioner.

J. Robert Alexander, Twin Falls, for Bd. of Commissioners of Idaho State Bar.

PER CURIAM.

Robert C. Campbell, also known as Harold Robert Campbell, was admitted to the practice of law in the State of Idaho in October, 1969, and has since that time been a duly licensed and practicing lawyer with office and residence in Twin Falls, Idaho.

A complaint was filed with the Board of Commissioners of the Idaho State Bar charging Robert C. Campbell with professional misconduct. The complaint charged Campbell with solicitation of professional employment in violation of Canons 27 [1] of the American Bar Association and the Idaho State Bar. Count I of the complaint alleged that Campbell personally called on residents of the Hansen area in attempts to sell estate planning services.[2]

---

1. "27. *Advertising, Direct or Indirect*

It is unprofessional to solicit professional employment by circulars, advertisements, through touters or by personal communications or interviews not warranted by personal relations. Indirect advertisements for professional employment such as furnishing or inspiring newspaper comments, or procuring his photograph to be published in connection with causes in which the lawyer has been or is engaged or concerning the manner of their conduct, the magnitude of the interest involved, the importance of the lawyer's position, and all other like self-laudation, offend the traditions and lower the tone of our profession and are reprehensible; but the customary use of simple professional cards is not improper.
\* \* \*"

2. Count I of the complaint alleged in part: "That during 1970, the said Robert C. Campbell personally called upon residents of the Hansen, Idaho, area, which calls were not requested by said residents. II. That at the time of said calls, Robert C. Campbell introduced himself as an attorney at law, and attempted to sell estate plans and/or estate planning work to said residents. III. That said conduct was in violation of Canon 27 of the Canons of Professional Ethics of the American

Count II alleged that Campbell employed a "touter," one Jacob Tolk, a deputy tax collector in Twin Falls County, to solicit professional employment in the Twin Falls area. Count III alleged that Campbell called on other Twin Falls residents attempting to solicit professional employment (Count III was dismissed below).

The Committee on Discipline of the Idaho State Bar heard this matter at Rupert, Idaho, on Saturday, January 8, 1972. The Committee issued written findings of fact and conclusions of law and found that during 1970 Campbell personally called at the residence of Carl L. Nelson, without invitation or request by Mr. Nelson and attempted to and was successful in selling an estate plan for which Nelson paid a fee. The Committee also found that this contact was not warranted by a personal relationship.

A second finding of fact concerns the alleged use of a "touter" employed by Mr. Campbell to solicit business. The Committee on Discipline found that one Jacob Tolk solicited business for Mr. Campbell with Campbell's knowledge and acquiescence. The Committee found that Tolk distributed to several residents of Twin Falls County an article from Reader's Digest entitled, "You *Can* Avoid The Probate Trap." On the title page of this article was rubber-stamped the following: "Robert Campbell, Attorney at Law." On the last page of the article was rubber-stamped the following: "Robert Campbell, Atty. 255 4th Ave. East, Twin Falls, Idaho 83301." The Com-

mittee found that Tolk was soliciting business for Mr. Campbell and that he told the residents "to be sure to tell Mr. Campbell that Mr. Tolk had sent them," or words to that effect.

The Committee on Discipline concluded that Campbell's activities constituted unethical conduct and recommended that Campbell be suspended from the practice of law for a period of two years and that as a condition of his reinstatement he be required to pay the costs of the disciplinary proceedings. The Board of Commissioners of the Idaho State Bar reviewed the findings of fact and conclusions of law of the Committee and affirmed the recommendation that Campbell be suspended from the practice of law for a period of two years, and the imposition of costs. In addition to recommending that Campbell be suspended from the practice of law the Board of Commissioners recommended, as a condition for reinstatement, that Campbell make a positive showing to the satisfaction of the Board and the Supreme Court of full rehabilitation and fitness to practice law.

Regarding Count I the record clearly indicates that Campbell solicited legal employment from a Mr. Nelson, who resided in the vicinity of Hazelton, Idaho, without request or invitation, in violation of Canon 27 which prohibits solicitation of professional employment. Campbell's attempt to justify this solicitation on grounds that he was performing an educational function is without merit.[3]

---

Bar Association and the Idaho State Bar, in that said conduct constituted solicitation of professional employment."

3. The new Code of Professional Responsibility adopted by this court subsequent to this matter on June 25, 1971, sheds additional light on the subject matter of the case at bar. The Ethical Considerations outlined under Canon 2 of the new code provide in part that:
"The legal profession should assist laymen to recognize legal problems because such problems may not be self-revealing and often are not timely noticed.

Therefore, lawyers acting under proper auspices should encourage and participate in educational and public relations programs concerning our legal system with particular reference to legal problems that frequently arise. Such educational programs should be motivated by a desire to benefit the public rather than to obtain publicity or employment for particular lawyers.
. . .
"Whether a lawyer acts properly in volunteering advice to a layman to seek legal services depends upon the circumstances. . . . The advice is proper only if motivated by a desire to pro-

89

■ It is the opinion of the court that the activities in Count I constitute unethical conduct in violation of Canon 27. Campbell's solicitation was not requested nor was it within the privilege of giving legal advice to close friends, relatives or clients. (See footnote 3). The findings of the Committee on Discipline are clearly supported by the record and they are affirmed.

The second count, that of Campbell's alleged use of a touter to solicit professional employment, is not so clearly supported. The Committee found that one Jacob Tolk, who was a deputy tax assessor, solicited business with the knowledge and approval of Campbell. However, both Campbell and Tolk deny that there had been any arrangement between them wherein Tolk would solicit business for Campbell. (Tr., p. 61, line 25; p. 62, lines 1–23). Campbell denied that he had employed Tolk as a touter, or that he encouraged Tolk to do anything on his behalf and stated that he did not know of Tolk's activities. (Tr. pp. 128–130). On direct examination a Mrs. Baxter testified that Tolk, while assessing her property, asked her if she was interested in estate planning. Upon her affirmative reply she testified to the following conversation: "Before he left he asked if I was interested in estate planning. I was curious, and I said, 'Well, sure, why?' He said that he was working with a young fellow in Twin Falls who did that work by the name of Robert Campbell. He didn't say the name Robert Campbell. I asked him who, and he said that it was Robert Campbell." (Tr. p. 25, lines 13–18).

However, on cross examination Mrs. Baxter testified as follows:

"Q. Mrs. Baxter, are you sure he [Tolk] didn't say a young attorney is working with me on an estate tax plan, and that you asked him who it was and that he replied that it was Robert Campbell."

"A. It could have been said that way, or words to that effect." (Tr. p. 26, lines 2–7).

■ This court, in In re Felton, 60 Idaho 540, 94 P.2d 166 (1939), asserted that the burden of proof in a disbarment proceeding requires the charges to be proved by a "clear and undoubted preponderance of the evidence." Judged by the standards we are of the opinion that there was not a clear and undoubted preponderance of the evidence to support the allegation in Count II that Campbell had employed Mr. Tolk as a touter. Mrs. Baxter's admission on cross examination that Tolk could have said that a young attorney was working with him on an estate plan, rather than that he was working for a young attorney, neutralized to a great extent the effect of her testimony on direct examination. Even if not impeached, the testimony of Mrs. Baxter regarding the conversation with Tolk was of questionable admissibility, and was not binding upon Campbell in the absence of clear evidence that Campbell had knowledge and had consented to Tolk's activities. Cf. In re Felton, *supra*. While there was some circumstantial evidence of such knowledge and consent, i.e., the copies of the Reader's Digest article marked with Campbell's name which Tolk distributed, nevertheless that evidence by

tect one who does not recognize that he may have legal problems or who is ignorant of his legal rights or obligations. Hence, the advice is improper if motivated by a desire to obtain personal benefit, . . .
"Since motivation is subjective and often difficult to judge, the motives of a lawyer who volunteers advice likely to produce legal controversy may well be suspect if he receives professional employment or other benefits as a result.

A lawyer who volunteers advice that one should obtain the services of a lawyer generally should not himself accept employment, compensation, or other benefit in connection with that matter. However, it is not improper for a lawyer to volunteer such advice and render resulting legal services to close friends, relatives, former clients (in regard to matters germane to former employment), and regular clients."

itself was not sufficient to support the charge that Campbell had employed Tolk as a touter. Therefore, Count II must be dismissed.

■ The Board of Commissioners of the Idaho State Bar recommended that Campbell be suspended from the practice of law for a period of two years. In view of our dismissal of Count II, and in comparison with the recent action of the Board of Commissioners and this court in the case of In re Snook, 94 Idaho 904, 499 P. 2d 1260 (1972), we are of the opinion that a two year suspension in this matter is too severe. Therefore, it is hereby ordered that Robert C. Campbell be suspended from the practice of law for a period of six months, commencing from the date this order becomes final, and that as a condition of his reinstatement to the practice of law he be required to pay the costs of the proceedings before the Bar Commission in the sum of $306.00.

No costs on appeal allowed.