## ATTORNEY GRIEVANCE COMMISSION OF MARYLAND *v.* MICHAEL ALVIN FREEDMAN

[Misc. Docket (Subtitle BV) No. 23, September Term, 1978.]

*Decided June 13, 1979.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, ORTH, COLE and DAVIDSON, JJ.

*J. Martin McDonough, Jr., Assistant Bar Counsel,* for Commission.

*Russell J. White* for Michael Alvin Freedman.

PER CURIAM:

The Attorney Grievance Commission, through Bar Counsel, filed a petition for disciplinary action pursuant to Maryland Rule BV9 against Michael Alvin Freedman, alleging violations of the Disciplinary Rules of the Code of Professional Responsibility. The matter was referred to Judge Martin B. Greenfeld of the Supreme Bench of Baltimore City to make findings of fact and conclusions of

law. After conducting a hearing and considering the petition, answer, respondent's answer to the Commission's request for admission of facts and genuineness of documents and a letter from the United States Attorney's office regarding the respondent and the respondent's own testimony, Judge Greenfeld filed his findings and conclusions as follows:

### "Findings of Fact

"The Respondent was admitted to the practice of law in Maryland on 9/12/67. He will be 37 years of age on 3/3/79. Pursuant to a grant of use immunity by the United States Attorney's office, the Respondent testified on 12/21/77 in the United States District Court criminal trial of one Earl Williams that during 1971 Williams, who is not an attorney, referred personal injury cases to the Respondent involving 'somewhere between 50 and 71 people'; that the Respondent paid Williams amounts ranging from $75 to $125 for each client 'depending upon the severity of the case'; that these payments were made to Williams in cash and 'would have averaged out between [$]5,000 and [$]7,500' during 1971; and that the Respondent stopped using Williams' services in late 1971 or early 1972 because he 'didn't particularly think that that was the way I should be running my business — and that's why I stopped.' A mistrial was declared (for reasons not here germane) and the Respondent testified to these same matters at Williams' retrial. The Federal prosecutor has written that the Respondent 'has been most cooperative and to our knowledge has provided information which is both complete and truthful'.

"Federal investigators questioned the Respondent about the activities of a doctor who was under scrutiny for mail fraud. During that questioning, the Respondent volunteered the information about his since-terminated dealings with Williams, even

though this subject had not been raised by the Federal investigators. The Respondent could not contribute any useful information regarding the mail fraud investigation, but his testimony was used in the Williams case.

"During the Williams' relationship, the Respondent had a partnership with one other attorney. Since 1975, the Respondent has been a sole practitioner in the general practice of law, and his personal injury work is practically nil.

"The Respondent voluntarily terminated his relationship with Williams over seven years ago. He voluntarily made this information known to the Federal investigators and has not used runners since discharging Williams. The Respondent recognizes the serious impropriety of his past conduct and is remorseful for it. The Court is satisfied, after seeing and hearing the Respondent testify, that he will not hereafter engage in such unethical conduct if permitted to continue practice.

### *"Conclusions of Law*

"The Respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

1. DR2-103(c), compensating a person for recommending or securing the attorney's employment by a client.
2. DR1-102(A) (5), engaging in conduct that is prejudicial to the administration of justice."

Freedman did not take exceptions to these findings but did answer the show cause order as to the sanction to be imposed, if any, and an oral hearing was held.

After carefully considering the matter, the findings of Judge Greenfeld are accepted and adopted and we think a reprimand is the appropriate sanction. Freedman will be

required to pay the costs of the transcripts of both the Inquiry Panel and the proceedings before the Supreme Bench in the amount of $141.25.

*It is so ordered.*