In the MATTER OF the DISCIPLINARY PROCEEDINGS
AGAINST Alvin H. EISENBERG, attorney at law.

Supreme Court

*No. 79–1413–D. Filed April 8, 1980.*
(Also reported in 290 N.W.2d 683.)

*PER CURIAM.* On September 14, 1979, the Board of
Attorneys Professional Responsibility filed with the court
a complaint alleging that in July of 1977, at a Milwaukee
restaurant, Alvin H. Eisenberg, an attorney admitted to
practice in this state since 1958 and who practices in
Milwaukee, approached a woman who was wearing a large
plaster cast on her arm. Eisenberg asked if she had
been in an accident and, upon learning that five weeks
earlier she had been injured in an automobile accident
and that she was having difficulty locating the driver of
the vehicle which struck her, gave the woman his busi-
ness card and told her he would contact her two days
later. Prior to this initial conversation, the woman had
never met Eisenberg nor did she solicit his advice on that
occasion.

Two days later Eisenberg called the woman at her
home and made arrangements for her and her husband to
come to his office that afternoon, offering to provide

transportation for the office visit. The woman and her husband met with Eisenberg that afternoon, at which time they signed statements regarding the accident and medical release forms and retainer agreements. At that time Eisenberg sent the woman and her husband to be examined by a doctor of his choosing and made an appointment to have the couple's two children examined by another doctor the same week. On the following day the woman called Eisenberg's office and advised that she no longer wanted Eisenberg to represent her family and asked that he cancel her children's appointment with the doctor.

The court referred this matter to the Hon. John A. Fiorenza as referee pursuant to SCR 21.09 (1980). Eisenberg and counsel for the Board of Attorneys Professional Responsibility stipulated to the facts in lieu of a hearing before the referee. On March 27, 1980, the referee filed his findings of fact, conclusions and disposition based on that stipulation. The referee concluded that Eisenberg's solicitation of employment and his subsequent acceptance thereof after giving his unsolicited advice constitute violations of SCR 20.09(1) and 20.10 (1980) and imposed discipline which we hereby adopt.

It is ordered that Alvin H. Eisenberg is publicly reprimanded for unprofessional conduct.

It is further ordered that Alvin H. Eisenberg pay the costs of this proceeding in the amount of $500 to the Board of Attorneys Professional Responsibility within 60 days from the date of this order, provided that if the costs are not paid within the time stated the license of Alvin H. Eisenberg to practice law shall be forthwith suspended.