798 A.2d 555

ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

Stephen J. VLAHOS.

Misc. Docket AG No. 25, Sept. Term, 1999.

Court of Appeals of Maryland.

May 9, 2002.

Melvin Hirshman, Bar Counsel and Dolores O. Ridgell, Assistant Bar Counsel for the Attorney Grievance Commission of Maryland, for petitioner.

Philip H. Armstrong, Esq., Rockville, Md. (F. Patrick Kelly, Esq., Rockville, Md.) for respondent.

Argued before BELL, C.J., and ELDRIDGE, RAKER, WILNER, CATHELL, HARRELL, BATTAGLIA, JJ.

RAKER, J.

The Attorney Grievance Commission, acting through Bar Counsel, filed a petition with this Court for disciplinary action against Stephen J. Vlahos, respondent, alleging violations of the Maryland Rules of Professional Conduct (hereinafter "MRPC"). The Commission charged respondent with violating MRPC 8.1,[1] 8.4(b) [2] and 8.4(c).[3] We referred the matter to Judge Durke G. Thompson of the Circuit Court for Montgomery County to make findings of fact and proposed conclusions of law.

Judge Thompson held an evidentiary hearing which extended over a five days. The charges were aggressively contested, with Bar Counsel and respondent presenting many witnesses. Judge Thompson concluded that Bar Counsel had established the charges by clear and convincing evidence. The hearing judge found the evidence in this case to be overwhelming that respondent, Vlahos, regularly misappropriated cash and checks belonging to the law firm by which he was employed. Rejecting respondent's explanations, the hearing judge concluded as follows:

> "In summary, the factual picture reveals a young, promising practitioner of law, who succumbed to the temptation of

---

1. Rule 8.1(b) provides as follows:
   "An applicant for admission or reinstatement to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:
   (b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6."

2. Rule 8.4(b) provides as follows:
   "It is professional misconduct for a lawyer to:
   (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;"

3. Rule 8.4(c) provides as follows:
   "It is professional misconduct for a lawyer to:
   (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

easy money while working in an environment of disorganization. The initial transgressions were compounded when the Attorney Grievance Commission, through Bar Counsel, confronted the Respondent and he began to weave a fabrication that ultimately crumbled in the light of the courtroom."

Judge Thompson concluded that "the *objective*, undisputed evidence weighs so heavily against the respondent that there can be but one conclusion, that the respondent regularly and systematically looted the law firm of monies to which it was lawfully entitled."

Neither party took exception to Judge Thompson's findings of fact or conclusions of law. Prior to the hearing before this Court, respondent filed an affidavit, admitting that "he abused his position of trust by taking and keeping money from clients that were legally clients of the firm. He admitted taking steps to prevent his employer from learning of his efforts independent of firm work and asking clients to pay in cash or make checks payable directly to him instead of to the law firm. He admitted that he was not trustworthy, and that he concerned himself primarily with his own interests.

The only issue before this Court is the appropriate sanction to be imposed upon respondent. Bar Counsel recommends disbarment; respondent recommends an indefinite suspension.

Respondent was admitted to practice law in Maryland on December 14, 1995. He began his legal career as a law clerk for the firm of Paul R. Weisenfeld and, upon admission to the bar, he was engaged on a full-time basis as an associate in the law firm. The instant complaint appears to be the only disciplinary action against respondent. In his affidavit filed in this Court, respondent expresses great remorse for his conduct. At the hearing before Judge Thompson, many witnesses, including respected members of the local bar, testified on behalf of respondent. The witnesses found respondent to be trustworthy and honest. Respondent also presented evidence that he had received no mentoring, no assistance and found himself in an environment "ripe for problems." In support of a sanction less than disbarment, respondent main-

tains that his wrongful conduct was situational in nature and does not evidence a fundamental lack of the character traits of honesty and truthfulness.

We conclude that disbarment is the appropriate sanction. Beginning in 1996, and continuing until he was discovered in July, 1997, respondent regularly misappropriated money belonging to the law firm. When confronted by Bar Counsel, respondent lied in an attempt to explain his dishonest conduct.

It has long been the rule in this State that absent compelling extenuating circumstances, misappropriation by an attorney is an act infected with deceit and dishonesty and ordinarily will result in disbarment. *See, e.g., Attorney Grievance Comm'n v. Vanderlinde,* 364 Md. 376, 773 A.2d 463 (2001); *Attorney Grievance Comm'n v. Tomaino,* 362 Md. 483, 765 A.2d 653 (2001); *Attorney Grievance Comm'n v. Sheridan,* 357 Md. 1, 741 A.2d 1143 (1999); *Attorney Grievance Comm'n v. Sabghir,* 350 Md. 67, 710 A.2d 926 (1998); *Attorney Grievance Comm'n v. Hollis,* 347 Md. 547, 702 A.2d 223 (1997); *Attorney Grievance Comm'n v. Kenney,* 339 Md. 578, 664 A.2d 854 (1995); *Attorney Grievance Comm'n v. Williams,* 335 Md. 458, 644 A.2d 490 (1994); *Attorney Grievance Comm'n v. Bakas,* 323 Md. 395, 593 A.2d 1087 (1991); *Attorney Grievance Comm'n v. White,* 328 Md. 412, 614 A.2d 955 (1992); *Attorney Grievance Comm'n v. Ezrin,* 312 Md. 603, 541 A.2d 966 (1988).

In *Attorney Grievance Comm'n v. Ezrin,* 312 Md. 603, 541 A.2d 966 (1988), the attorney stole large sums of money from his law partners. After his dishonest conduct was discovered, he made restitution to the law firm. In mitigation before this Court, Ezrin argued remorse, as well as the fact that he misappropriated the money because of "his disabling emotional state, and [that the theft] did not involve client funds." *Id.* at 606, 541 A.2d at 967. We reviewed the arguments he advanced in mitigation of his misconduct, including his fine reputation as a lawyer, his general good character, his lack of prior disciplinary actions, restitution made to his law firm, and his cooperation with Bar Counsel. *Id.* at 609, 541 A.2d at 969.

We rejected his arguments, finding no extenuating circumstances and imposed the sanction of disbarment.

Respondent's case is no different. That respondent stole from his employer and not from clients makes no difference and cannot justify a lesser sanction than disbarment. Respondent has not presented any mitigating or extenuating circumstances to justify a lesser sanction, and where, as here, the misconduct involves misappropriation of funds, disbarment follows as a matter of course.

*IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING THE COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16–515(C), FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION OF MARYLAND AGAINST STEPHEN J. VLAHOS.*