818 A.2d 1108

ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

Richard SEIDEN.

Misc. Docket No. 19, Sept. Term, 2002.

Court of Appeals of Maryland.

March 14, 2003.

Melvin Hirshman, Bar Counsel and Gail Kessler, Asst. Bar Council for Atty. Grievance Com'n of Maryland, for petitioner.

Diane Goldsmith, Baltimore, for respondent.

Argued before BELL, C.J., ELDRIDGE, RAKER, WILNER, CATHELL, HARRELL and BATTAGLIA, JJ.

CATHELL, Judge.

On April 16, 2002, the Attorney Grievance Commission of Maryland, petitioner, by Melvin Hirshman, Bar Counsel, and Gail D. Kessler, Assistant Bar Counsel, filed a petition[1] for disciplinary action against Richard Seiden, respondent, for multiple violations of the Maryland Rules of Professional Conduct (MRPC). The petition alleged that respondent, based upon his representation of Penelope L. Mentlik, had violated MRPC 1.1, 1.15(b) and 8.4(a) and (d).[2]

On April 17, 2002, pursuant to Maryland Rule 16–709 *et seq.*, this Court transmitted the matter to Judge Thomas J. Bolling-

---

**1.** Petitioner filed a petition with this Court initiating disciplinary proceedings against Richard Seiden pursuant to former Maryland Rule 16–709(a) which stated that "[c]harges against an attorney shall be filed by the Bar Counsel...." This portion of former Rule 16–709 is now codified as Rule 16–751(a) regarding petitions for disciplinary or remedial action which states, in part, that "Bar Counsel shall file a Petition for Disciplinary or Remedial Action in the Court of Appeals." This case arose and was processed under the attorney grievance rules in effect prior to July 1, 2001. Thus, we refer to those rules as they existed prior to that date.

**2.** The relevant provisions of the MRPC state:

"**Rule 1.1. Competence.**

A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

. . .

"**Rule 1.15. Safekeeping property.**

. . .

er, Sr. of the Circuit Court of Baltimore County to conduct a hearing and to make findings of fact and conclusions of law.[3]

On June 13, 2002, an evidentiary hearing was held before the hearing judge. On November 14, 2002, Judge Bollinger issued his Memorandum Opinion and found by clear and convincing evidence that respondent violated MRPC 1.1, 1.15(b) and 8.4. The record was transferred from the hearing judge to our Court for oral argument. Pursuant to Maryland Rule 16–711(b)(2),[4] respondent filed with this Court exceptions to the hearing judge's Findings of Fact and Conclusions of Law.

## I. Facts

Respondent was admitted to the Bar of Maryland on November 16, 1978 and maintains his practice of law in his office

---

(b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.

. . .

"**Rule 8.4. Misconduct.**
    It is professional misconduct for a lawyer to:
    (a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

. . .

    (d) engage in conduct that is prejudicial to the administration of justice; . . ."

**3.** The charges and pleadings were initially transmitted to Judge Christian M. Kahl who recused himself from this matter. The Court of Appeals substituted Judge Thomas J. Bollinger, Sr. to hear and determine the charges filed against respondent.

**4.** Former Rule 16–711(b)(2) provided that "[w]ithin 15 days after the filing of the record in the Court of Appeals, the attorney or the Bar Counsel may file in the Court of Appeals exceptions to the findings and conclusions and may make recommendations respecting the disciplinary sanction to be imposed. . . ." The substance of former Rule 16–711(b)(2) is now codified in Rule 16–758(b).

located in Baltimore County. The Petition for Disciplinary Action in this case was based upon the complaint of Penelope L. Mentlik, BC Docket No. 2001–234–3–9. Her complaint was initially made by a letter dated December 27, 2000.

Judge Bollinger's Findings of Fact and Conclusions of Law are, in part, as follows:

## *"FINDINGS OF FACT*

"The Court finds by clear and convincing evidence that. . . . The complainant, Penelope L. Mentlik, was [the] Personal Representative of the Dorothy P. Dunkel estate. In August of 1998, Ms. Mentlik retained the services of the Respondent to represent the estate. During this representation the Respondent attended the settlement of real estate property which was part of the estate of Dorothy P. Dunkel. At the settlement, a check was tendered and made payable to 'Penelope L. Mentlik, Personal Representative of the Estate of Dorothy P. Dunkel.' The check was in the amount of $32,422.58. The Respondent deposited this check into his escrow account and signed Ms. Mentlik's name. *This Court can not find by clear and convincing evidence* that the Respondent signed Ms. Mentlik's name, endorsing the check, without her authority. I also find that the Respondent wrote a check from his own escrow account in the amount of $28,022.58 payable to 'Penelope L. Mentlik, Personal Representative of the Estate of Dorothy Dunkel.' He deducted a legal fee of $4400 from the estate funds without submitting a Fee Petition to the Orphans Court and *without* the Complainant's written consent to the fee. At the hearing on this matter the Respondent had not maintained the $4400 in his escrow account and still had not submitted a Fee Petition to the Orphans Court for approval to take that fee.

"The Court finds, in mitigation, by a preponderance of the evidence, that the Respondent had a difficult client in the person of Ms. Mentlik and there was a dispute between them regarding almost every aspect of the legal representation. The Court further finds that the Respondent suffered

ill health during the representation; however, the Court does not find these mitigating factors to excuse the taking of a fee without approval of the Orphans Court.

### CONCLUSIONS OF LAW

"The Court, upon review of the various exhibits, deposition testimony and testimony at the hearing, finds by clear and convincing evidence that the Respondent has indeed violated **Rule 1.1 Competence; Rule 1.15(b) Safekeeping Property and Rule 8.4 Misconduct.**

"Mr. Seiden had no lawful claim to the funds he took from Ms. Dunkel's estate and his taking of those funds for his personal use was theft and a criminal act reflecting adversely on his honesty, trustworthiness and fitness as an attorney. His taking of those funds was dishonest." [Emphasis added.]

### II. Discussion

#### A. Standard of Review

In *Attorney Grievance Commission v. Harris,* 371 Md. 510, 539–40, 810 A.2d 457, 474–75 (2002), we recently stated:

"It is well established that '[t]his Court has original jurisdiction over attorney disciplinary proceedings.' *Attorney Grievance Comm'n v. Dunietz,* 368 Md. 419, 427, 795 A.2d 706, 710–11 (2002) (citing *Attorney Grievance Comm'n v. Snyder,* 368 Md. 242, 253, 793 A.2d 515, 521 (2002)); *Attorney Grievance Comm'n v. Harris,* 366 Md. 376, 388, 784 A.2d 516, 523 (2001); *Attorney Grievance Comm'n v. Gavin,* 350 Md. 176, 189, 711 A.2d 193, 200 (1998); *Attorney Grievance Comm'n v. Adams,* 349 Md. 86, 93, 706 A.2d 1080, 1083 (1998); *Attorney Grievance Comm'n v. Glenn,* 341 Md. 448, 470, 671 A.2d 463, 473 (1996); *Attorney Grievance Comm'n v. Kent,* 337 Md. 361, 371, 653 A.2d 909, 914 (1995); *Attorney Grievance Comm'n v. Powell,* 328 Md. 276, 287, 614 A.2d 102, 108 (1992). *See also* Md. Rule 16–709(b) (stating that '[c]harges against an attorney shall be filed on behalf of the [Attorney Grievance] Commission in

the Court of Appeals').[5]  Furthermore, '[a]s the Court of original and complete jurisdiction for attorney disciplinary proceedings in Maryland, we conduct an independent review of the record.' *Attorney Grievance Comm'n v. Garfield,* 369 Md. 85, 97, 797 A.2d 757, 763 (2002) (quoting *Snyder,* 368 Md. at 253, 793 A.2d at 521 (citing *Attorney Grievance Comm'n v. Garland,* 345 Md. 383, 392, 692 A.2d 465, 469 (1997))).

"In our review of the record, '[t]he hearing judge's findings of fact will be accepted unless we determine that they are clearly erroneous.' *Garfield,* 369 Md. at 97, 797 A.2d at 763 (quoting *Snyder,* 368 Md. at 253, 793 A.2d at 521 (citations omitted)). *See also Dunietz,* 368 Md. at 427–28, 795 A.2d at 711 ('The hearing judge's findings of fact "are *prima facie* correct and will not be disturbed unless clearly erroneous." ') (quoting *Attorney Grievance Comm'n v. Zdravkovich,* 362 Md. 1, 21, 762 A.2d 950, 960–61 (2000)); *Attorney Grievance Comm'n v. Monfried,* 368 Md. 373, 388, 794 A.2d 92, 100 (2002) ('Factual findings of the hearing judge will not be disturbed if they are based on clear and convincing evidence.').  We recently reiterated the definition of clear and convincing evidence in *Harris,* 366 Md. at 389, 784 A.2d at 523 (quoting *Attorney Grievance Comm'n v. Mooney,* 359 Md. 56, 79, 753 A.2d 17, 29 (2000)), when we said:

> ' "The requirement of 'clear and convincing' or 'satisfactory' evidence does not call for 'unanswerable' or 'conclusive' evidence.  The quality of proof, to be clear and convincing, has also been said to be somewhere between the rule in ordinary civil cases and the requirement of criminal procedure—that is, it *must be more than a mere preponderance but not beyond a reasonable doubt.*  It has also been said that the term 'clear and convincing' evidence means that the witnesses to a fact must be found to be credible, and that the facts to which they have testified are distinctly remembered and the details hereof

---

**5.**  *See supra* footnote 1.

narrated exactly and in due order, so as to enable the trier of the facts to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue. Whether evidence is clear and convincing requires weighing, comparing, testing, and judging its worth when considered in connection with all the facts and circumstances in evidence." [Emphasis added.]

359 Md. at 79, 753 A.2d at 29 (quoting *Berkey v. Delia,* 287 Md. 302, 320, 413 A.2d 170, 178 (1980) (citing *Whittington v. State,* 8 Md.App. 676, 679 n. 3, 262 A.2d 75, 77 n. 3 (1970))).' We recently explained in *Dunietz* that '[a]s to the hearing judge's conclusions of law, "our consideration is essentially *de novo.*" ' *Dunietz,* 368 Md. at 428, 795 A.2d at 711 (quoting *Attorney Grievance Comm'n v. Thompson,* 367 Md. 315, 322, 786 A.2d 763, 768 (2001) (quoting *Attorney Grievance Comm'n v. Briscoe,* 357 Md. 554, 562, 745 A.2d 1037, 1041 (2000)))."

As indicated *supra,* respondent has filed exceptions to the hearing judge's findings of fact and conclusions of law. After a review of the record, we affirm the hearing judge's findings of fact and hold that they are not clearly erroneous and are based on clear and convincing evidence. *See Garfield,* 369 Md. at 97, 797 A.2d at 763–64; *Dunietz,* 368 Md. at 427–28, 795 A.2d at 711; *Monfried,* 368 Md. at 388, 794 A.2d at 100. We adopt, however, only those portions of the hearing judge's conclusions of law that find the respondent in violation of MRPC 1.1, 1.15(b), 8.4(a) and 8.4(d). We shall sustain respondent's exception as to the hearing judge's conclusion that respondent's actions constituted theft and a criminal act. Petitioner filed no exceptions in this Court.

### B. Respondent's Exceptions

Respondent makes two specific exceptions to the hearing judge's conclusions of law. Respondent's exceptions, however, for all intents and purposes, can be merged into a single general exception to the last paragraph of the hearing judge's conclusions of law, discussed *infra.* Respondent's exceptions encompass the fact that the hearing judge found a

general violation of the entire MRPC 8.4 when respondent was only charged with violations of MRPC 8.4(a) and (d). These exceptions, however, do not encompass an exception to the hearing judge's conclusions that respondent violated MRPC 1.1, 1.15(b), 8.4(a) and 8.4(d). In fact, respondent, in his Exceptions and Response to Recommendation for Sanctions, specifically admits his violations of these rules when he stated:

> "The Petition [for Disciplinary Action] charged Respondent with violations of the following provisions of the Rules of Professional Conduct: Rule 1.1 Competence, Rule 1.15(b) Safekeeping Property, and 8.4(a) and (d), misconduct. Respondent does not take exception to the conclusion of law that he violated these *charged* provisions because his admitted conduct would suffice to find violations of these provisions, notwithstanding Ms. Mentlik's permission. However, insofar as Judge Bollinger's Conclusion of Law encompassed all of Rule 8.4, including (b) and (c), provisions with which he was never charged, the Respondent takes exception. In addition to Petitioner's failure to charge these offenses, the same absence of a factual finding of intent, articulated fully above, would preclude Judge Bollinger's conclusion of law that Petitioner violated 8.4(b) and (c)." [Alteration added.]

Specifically, respondent excepts to the following language of the hearing judge's conclusions of law, especially the emphasized portion therein, which states:

> "Mr. Seiden had no lawful claim to the funds he took from Ms. Dunkel's estate and his taking of those funds for his personal use *was theft and a criminal act reflecting adversely on his honesty, trustworthiness and fitness as an attorney. His taking of those funds was dishonest.*" [Emphasis added.]

Respondent's exception has merit in that the hearing judge's conclusions, if the alleged violations had been charged, would mirror the exact language, as illustrated by the emphasis, of MRPC 8.4(b) and (c), which states:

**"Rule 8.4. Misconduct.**

It is professional misconduct for a lawyer to:

. . .

(b) commit a *criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;*

(c) engage in conduct involving *dishonesty,* fraud, deceit or misrepresentation; . . ." [Emphasis added.]

However, respondent was not charged with such violations. Under *In re Ruffalo,* 390 U.S. 544, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968), the United States Supreme Court held that an attorney was denied due process when the disciplinary charges against him were amended on the basis of his own testimony in his disciplinary proceeding. This Court has cited *Ruffalo* for the proposition that "due process considerations dictate that attorneys are entitled to notice of the charges against them when disciplinary proceedings begin." *Attorney Grievance Comm'n v. Goldsborough,* 330 Md. 342, 352, 624 A.2d 503, 508 (1993); *see also* Maryland Rule 16–709. In this State, this notice requirement is met by the filing of a Petition for Disciplinary Action in this Court. *See Attorney Grievance Comm'n v. Parsons,* 310 Md. 132, 140, 527 A.2d 325, 329 (1987).

In *Attorney Grievance Commission v. Monfried,* 368 Md. 373, 378–79 n. 7, 794 A.2d 92, 95 n. 7 (2002), this Court recognized the appropriateness of a hearing judge's actions in limiting her Findings of Fact and Conclusions of Law to the charges filed by Bar Counsel although she did " 'not necessarily agree that the Commission ha[d] charged all of the Rules of Professional Conduct violated by the' " lawyer in that case. (alteration added). Similarly in *Attorney Grievance Commission v. Wright,* 306 Md. 93, 106, 507 A.2d 618, 624 (1986), this Court dismissed a petition against an attorney where the facts indicated a violation of prior Disciplinary Rule (DR) 9–102(B)(4), but where the lawyer was only charged with a violation of DR 2–106(A). We dismissed the petition, citing *Ruffalo,* because the petition did not charge the attorney for the violation that attorney's conduct actually violated, *i.e.,* it

merely alleged a violation of DR 2–106(A), charging an excessive fee, and not for a violation of DR 9–102(B)(4). Regardless of whether respondent's conduct constituted theft or dishonesty, the Petition for Disciplinary Action in this case does not allege violations of MRPC 8.4(b) and (c). It does not charge respondent with theft or dishonesty. It instead charges violations of MRPC 1.1 Competence, 1.15(b) Safekeeping Property and 8.4(a) and (d) Misconduct. For the hearing judge to conclude that respondent's conduct constituted theft and dishonesty, using the exact language of two rules he was not charged with violating, was improper.

Respondent's exception, however, is additionally supported by the facts, which indicate that respondent's conduct did not reach the level of dishonesty included in the hearing judge's conclusions of law. The hearing judge specifically did *not* find that respondent "signed Ms. Mentlik's name, endorsing the check, without her authority." Stated in the alternative, in the hearing judge's opinion the evidence equally supports the finding that respondent deposited the check into his escrow account at his client's direction. Thus, what could be established was that respondent took his fee, which Ms. Mentlik did not even contest as unreasonable, from an escrow account without following the correct procedures mandated in this State.

This Court, in *Attorney Grievance Commission v. Stancil*, 296 Md. 325, 333, 463 A.2d 789, 792 (1983), relied on the fact that the attorney misconduct in that case had "resulted from a difficult relationship with a single client that appear[ed] to be an isolated episode not likely to recur." (alterations added). The same could be said in the instant case. The hearing judge specifically found that Ms. Mentlik was a difficult client. Respondent points out several inconsistencies in Ms. Mentlik's testimony. These inconsistencies include: 1) Ms. Mentlik's changing explanation of whether she authorized respondent to attend the settlement and to sign for her; 2) Fountainhead Title's Vice–President Scheeler's testimony contradicting Ms. Mentlik's testimony that respondent was to send the check directly to Ms. Mentlik; 3) Ms. Mentlik's omission of her claim

that respondent did not have verbal authority to sign the check for her until her fifth correspondence with Bar Counsel; and, *inter alia,* 4) Ms. Mentlik did not dispute the amount of the fee. Additionally, respondent had represented Ms. Mentlik for over two years dealing with two separate estates, one of which was time-consuming, and he testified that Ms. Mentlik had given him verbal permission to cash the check. Ms. Mentlik even sent respondent a facsimile acknowledging the amount of his fee, the same fee to which she later takes issue. Respondent was not even aware of a problem with Ms. Mentlik until he received notice of her grievance from the Attorney Grievance Commission in February 2002. This, in turn, caused confusion as to whether Ms. Mentlik had terminated respondent. Respondent then hired outside counsel to assist him in attempting to complete the Fee Petition in Orphan's Court in an effort to complete the estate in line with Ms. Mentlik's wishes. According to respondent, "Ms. Mentlik thwarted all attempts by Respondent to file a fee petition." Additionally, respondent did not hide his actions from Ms. Mentlik, as evidenced by his sending her the settlement proceeds (minus his fee) along with a photocopy of the settlement check.

In essence, respondent was presented with an extremely difficult situation, in which he likely knew that it would be nearly impossible to procure his fee. Instead of commencing the proper procedures, respondent took the "easy" shortcut to obtaining his fee. This conduct, while violating the charged provisions of the MRPC, does not constitute a theft or the type of dishonest conduct for which we consistently issue severe sanctions.[6]

---

6. This Court has consistently levied harsh sanctions where attorneys committed conduct ranging from theft and embezzlement to commingling of funds and intentional misappropriation. *See Attorney Grievance Comm'n v. Sullivan,* 369 Md. 650, 801 A.2d 1077 (2002); *Attorney Grievance Comm'n v. Powell,* 369 Md. 462, 800 A.2d 782 (2002); *Attorney Grievance Comm'n v. Vlahos,* 369 Md. 183, 798 A.2d 555 (2002); *Attorney Grievance Comm'n v. Snyder,* 368 Md. 242, 793 A.2d 515 (2002); *Attorney Grievance Comm'n v. Vanderlinde,* 364 Md. 376, 773 A.2d 463 (2001); *Attorney Grievance Comm'n v. Bernstein,* 363 Md.

We thus sustain respondent's exceptions to the extent that the hearing judge's conclusions of law were that respondent violated MRPC 8.4(b) and (c) and that respondent was dishonest by committing theft. These charges were not included within the Petition. Moreover, the uncharged alleged violations were not sufficiently supported by the findings of the hearing judge.

## III. Sanction

We now consider the appropriate sanction for respondent's misconduct. In the case *sub judice*, the Attorney Grievance Commission, through Bar Counsel, argues that respondent be indefinitely suspended from the practice of law with the right to apply for reinstatement no sooner than three years. Respondent advocates that he should receive a public reprimand. In *Attorney Grievance Commission v. Gallagher*, we set out the purposes of the sanctioning process when we stated:

> " 'This Court is mindful that the purpose of the sanctions is to protect the public, to deter other lawyers from engaging in violations of the Maryland Rules of Professional Conduct, and to maintain the integrity of the legal profession. *See Attorney Grievance Comm'n of Maryland v. Hess*, 352 Md. 438, 453, 722 A.2d 905, 913 (1999) (*quoting Attorney Grievance Comm'n of Maryland v. Webster*, 348 Md. 662, 678, 705 A.2d 1135, 1143 (1998)). We have stated that "[t]he public is protected when sanctions are imposed that are commensurate with the nature and gravity of the violations and the intent with which they were committed." *Attorney Grievance*

208, 768 A.2d 607 (2001); *Attorney Grievance Comm'n v. Tomaino*, 362 Md. 483, 765 A.2d 653 (2001); *Attorney Grievance Comm'n v. Sheridan*, 357 Md. 1, 741 A.2d 1143 (1999); *Attorney Grievance Comm'n v. Sabghir*, 350 Md. 67, 710 A.2d 926 (1998); *Attorney Grievance Comm'n v. Hollis*, 347 Md. 547, 702 A.2d 223 (1997); *Attorney Grievance Comm'n v. Kenney*, 339 Md. 578, 664 A.2d 854 (1995); *Attorney Grievance Comm'n v. Williams*, 335 Md. 458, 644 A.2d 490 (1994); *Attorney Grievance Comm'n v. White*, 328 Md. 412, 614 A.2d 955 (1992); *Attorney Grievance Comm'n v. Ezrin*, 312 Md. 603, 541 A.2d 966 (1988).

*Comm'n of Maryland v. Awuah,* 346 Md. 420, 435, 697 A.2d 446, 454 (1997). Therefore, the appropriate sanction depends upon the facts and circumstances of each particular case, including consideration of any mitigating factors. *See Attorney Grievance Comm'n of Maryland v. Atkinson,* 357 Md. 646, 656, 745 A.2d 1086, 1092 (2000); *Attorney Grievance Comm'n of Maryland v. Gavin,* 350 Md. 176, 197–98, 711 A.2d 193, 204 (1998).'

*[Attorney Grievance Com'n v.] Clark,* 363 Md. at 183–84, 767 A.2d at 873. In addition, we have stated that '[i]mposing a sanction protects the public interest "because it demonstrates to members of the legal profession the type of conduct which will not be tolerated." ' *Attorney Grievance Comm'n v. Mooney,* 359 Md. 56, 96, 753 A.2d 17, 38 (2000) (quoting *Attorney Grievance Comm'n v. Ober,* 350 Md. 616, 631–32, 714 A.2d 856, 864 (1998)) (citation omitted)."

*Gallagher,* 371 Md. 673, 713–14, 810 A.2d 996, 1020 (2002).

▮ "[T]he nature and gravity of the violations and the intent with which they were committed" is relevant to the sanctioning process. *Attorney Grievance Comm'n v. Awuah,* 346 Md. 420, 435, 697 A.2d 446, 454 (1997). *See Attorney Grievance Comm'n v. Pennington,* 355 Md. 61, 78, 733 A.2d 1029, 1037–38 (1999); *Attorney Grievance Comm'n v. Milliken,* 348 Md. 486, 519, 704 A.2d 1225, 1241 (1998); *Attorney Grievance Comm'n v. Montgomery,* 318 Md. 154, 165, 567 A.2d 112, 117 (1989). The attorney's prior grievance history, *i.e.,* whether there have been prior disciplinary proceedings, the nature of the misconduct involved in those proceedings and the nature of any sanctions imposed, as well as any facts in mitigation are similarly relevant, *Attorney Grievance Commission v. Franz,* 355 Md. 752, 762–63, 736 A.2d 339, 343–44 (1999); *Maryland State Bar Association v. Phoebus,* 276 Md. 353, 362, 347 A.2d 556, 561 (1975), as are the attorney's remorse for the misconduct, *Attorney Grievance Commission v. Wyatt,* 323 Md. 36, 38, 591 A.2d 467, 468 (1991), and the likelihood of such conduct being repeated. *Attorney Grievance Comm'n v. Freedman,* 285 Md. 298, 300, 402 A.2d 75, 76 (1979). As to the repetition of violative conduct, we have held

that an attorney's voluntary termination of the charged misconduct, when accompanied by an appreciation of the serious impropriety of that past conduct and remorse for it, may be evidence that the attorney will no longer engage in such misconduct. *Id.*, at 300, 402 A.2d at 76. *See Franz*, 355 Md. at 762–63, 736 A.2d at 344. *See also Attorney Grievance Comm'n v. Harris–Smith*, 356 Md. 72, 90–91, 737 A.2d 567, 577 (1999)(acknowledging that the deterrence of other non-admitted attorneys from undertaking a federal practice from an office in Maryland was achieved when the firm dissolved after bar counsel's investigation commenced).

In this case, we have upheld the hearing court's findings of fact, by clear and convincing evidence, and that judge's conclusions of law relating to respondent's violations of MRPC 1.1, 1.15(a), 8.4(a) and 8.4(d). In sustaining respondent's exception to the final portion of the hearing judge's conclusions of law, we hold that the evidence before the hearing judge does not support a finding that respondent had the requisite intent to constitute intentional misappropriation or theft, nor a finding that respondent was dishonest or deceitful. The facts indicate that respondent may have failed to follow proper procedures, but his conduct did not rise to that of an intentional misuse of his client's funds. The Review Board did not sanction charging respondent with violations of MRPC 8.4(b) or (c), which specifically forbid conduct involving criminal acts adversely reflecting on a lawyer's honesty, trustworthiness or fitness, as well as forbidding dishonest, fraudulent or deceitful conduct or misrepresentations.[7] And, under the principles stated in *Ruffalo* and *Parsons*, the facts in this case illustrate that the hearing judge did not have clear and convincing evidence that respondent was dishonest or that his conduct "was theft and a criminal act reflecting adversely on his honesty, trustworthiness and fitness as an attorney."

This Court has issued sanctions ranging from a public reprimand to a 90–day suspension where, as in this case, the

---

**7.** See, *supra*, for text of these provisions of the MRPC.

lawyer's violative conduct did not amount to an intentional misappropriation or dishonesty. *See Attorney Grievance Comm'n v. McClain*, 373 Md. 196, 212, 817 A.2d 218, 228 (2003)(imposing an indefinite suspension with the right to reapply in 30 days for violations of MRPC 1.15(a) and § 16-606 of the Business Occupations and Professions Article of the Maryland Code where the attorney corrected his violation, subsequently took a course in escrow account management and had no previous disciplinary proceedings); *Attorney Grievance Comm'n v. Culver*, 371 Md. 265, 283–84, 808 A.2d 1251, 1261–62 (2002)(issuing an indefinite suspension with the right to reapply in 30 days for violations of 1.5(c) and Maryland Rule 16–607(b)(2) where the facts indicated that the lawyer did not return monies, the contingency fee was not put into writing and the lawyer had previously been reprimanded); *Attorney Grievance Comm'n v. DiCicco*, 369 Md. 662, 688, 802 A.2d 1014, 1028 (2002)(imposing an indefinite suspension with the right to reapply in 90 days for violations of MRPC 1.15(a), 1.15(c) and 8.4(a) where, despite of the attorney's negligent and sloppy administration of trust accounts, there was an absence of fraudulent intent, the attorney had no previous disciplinary problems in 38 years of practice and the attorney's clients did not suffer a financial loss); *Attorney Grievance Comm'n v. Adams*, 349 Md. 86, 98–99, 706 A.2d 1080, 1086 (1998)(imposing an indefinite suspension with the right to reapply in 30 days for violations of MRPC 1.15 and Maryland Rule 16–604 where the lawyer's conduct was a negligent, unintentional, misappropriation, and where the violation was the attorney's first, the client was a friend of the attorney, the attorney had good intentions and the monies were paid to the Comptroller); *Attorney Grievance Comm'n v. McIntire*, 286 Md. 87, 96, 405 A.2d 273, 278 (1979)(issuing a public reprimand for violations stemming from a fee dispute between the lawyer and his client where there was not intentional wrongdoing, deceit or dishonesty).

Regardless of the fact that respondent has yet to file a Fee Petition and has not kept the disputed fee in an escrow account, the record in the case *sub judice* is replete with

mitigating evidence that provides for a lesser sanction than the three-year suspension sought by Bar Counsel. This is respondent's first disciplinary proceeding in over 24 years of practicing law. Respondent, as previously noted, was not charged with violations of MRPC 8.4(b) and (c), thus he did not intentionally misappropriate the monies of the complainant. He is remorseful for his conduct and has been cooperative throughout these proceedings. Respondent was also extremely ill from December of 2000 through mid-April of 2001, which, according to respondent, prevented him from filing a Fee Petition during that time. Respondent's conduct directly resulted from his representations of a particularly difficult client and will unlikely be repeated, as evidenced by his many years of practice without being charged in a disciplinary proceeding. Our weighing of the violations and the mitigating circumstances in the case *sub judice* results in the conclusion that respondent's conduct falls within the range of sanctions levied in the cases cited above.

In light of these findings, we hold that an indefinite suspension from the practice of law with the right to reapply within 30 days will suffice as an appropriate sanction for respondent's conduct.

**IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THIS COURT, INCLUDING THE COST OF ALL TRANSCRIPTS, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION OF MARYLAND AGAINST RICHARD SEIDEN.**